**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: December 17 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-37696 |
| | ) | |
| Lisa Palazzola and | ) | Chapter 7 |
| Monte Palazzola | ) | |
| | ) | Adv. Pro. No. 10-3254 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Lisa Palazzola, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| City of Toledo, Department of | ) | |
| Public Utilities, | ) | |
| | ) | |
| Defendant. | | |

### ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

This adversary proceeding came before the court for hearing on December 15, 2010, on Plaintiffs' Motion for Preliminary Injunctive Relief [Doc. # 9], and Defendant's response [Doc. # 10]. Plaintiffs, Plaintiffs' counsel, Defendant's counsel and a representative of Defendant attended the hearing in person. The parties had the opportunity to, and did, present testimony and other evidence in support of their respective positions.

This preliminary injunction is being issued for the following reasons, *see* Fed. R. Bankr. P. 7065;

Fed. R. Civ. P. 65(d)(1), as explained in more detail by the court at the conclusion of the hearing, *see* Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52(a)(1), (2).

1. Defendant operates a municipal public utility supplying water and sewer services to its residents, who have no other source for obtaining running water and sewer services. Plaintiffs, who are disabled, live in the City of Toledo on a fixed income with their minor son, who is also disabled. They are customers of Defendant's municipal water and sewer utility. They received a discharge in the underlying Chapter 7 case, which discharge included a pre-petition debt owed to Defendant for water and sewer services at their home. Defendant received notice of the commencement of the Chapter 7 case and of Plaintiffs' discharge. After Plaintiffs received their discharge, on August 12, 2010, Defendant terminated water service to their home. Plaintiffs established at the hearing a substantial likelihood of probability of success on the merits in proving that Defendant violated the discharge injunction of 11 U.S.C. § 524(a)(2) in terminating water service to Plaintiffs' home, at least in part due to the discharged debt. The evidence indicates that Plaintiffs had established a repayment plan for post-petition services before the shutoff, but that the last regular bill Plaintiffs received from Defendant before shutoff included and appeared to reinstate the entire discharged debt. Defendant then repeatedly demanded payment of amounts including the discharged debt as a condition of restoring water service to the home, which amounts Plaintiffs cannot pay. Although Plaintiffs did not plead in their complaint a cause of action for contempt of the discharge injunction, the court finds that it was tried at the hearing by the implied consent of the parties. Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(b)(2).

2. Plaintiffs and their minor son have lived at the home without running water and, as a result, without functioning sewer services since the August 12, 2010, shutoff. The conditions in which they subsist at the home without running water and functioning sewer services are dire. Every day in which they continue to live in such conditions constitutes irreparable harm to them and to their son. Water and sewer services, for which Plaintiffs are obligated to pay, must be restored to their home to alleviate these dire conditions.

3. The issuance of this preliminary injunction will not cause substantial harm to others. Plaintiffs' unpaid post petition bills are not substantial, they were the apparent subject of a consensual repayment plan before shutoff and other municipal rate payers will not be unduly negatively impacted should Plaintiffs default again and in the event this injunction has been wrongfully entered. In contrast, the human harm to Plaintiffs and their son is great in not having running water and functioning sewer services at their home. The relative balance of the harm to the parties weighs strongly in Plaintiffs' favor.

4. The public interest will be served in granting this injunction. Based on the court's finding that Plaintiffs have shown a strong likelihood of success on the merits at least insofar as a contempt action, the public has a strong interest in the integrity of the bankruptcy discharge and the fresh start it is intended by Congress to provide, as well as in restoring basic human dignity and living conditions to a family if that fresh start has been wrongfully eroded. Evidence at the hearing showed that the negative effects of the lack of running water and sewer services at Plaintiffs' home are spilling out into their neighborhood as well.

5. Pending determination of the merits of this action, this injunction is necessary to restore the *status quo ante* as it existed between the parties immediately before municipal water service to Plaintiffs' home was terminated.

For the foregoing reasons and as otherwise stated by the court on the record at the hearing, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunctive Relief [Doc. # 9] be, and hereby is, **GRANTED** as follows:

1. Municipal utility service shall be reinstated by Defendant at 3593 Nearing, Toledo, Ohio, on or before **December 22, 2010**, by **5:00 p.m.**, after an inspection of the water meter at that address and after Plaintiffs sign a new contract for such service.

2. Defendant's application of the $300 security deposit paid by Plaintiffs after commencement of their Chapter 7 case to payment of water utility services provided prior to termination of such service on August 12, 2010, shall be reversed. The security deposit shall be reinstated as such and no further security deposit shall be required before service is resumed.

3. Continuation of municipal utility services at 3593 Nearing, Toledo, Ohio, is conditioned upon the following:

> a. Plaintiffs/Debtors timely paying bills for future ongoing utility services provided by Defendant; and
>
> b. Plaintiffs/Debtors repaying unpaid amounts owed for the provision of post-petition municipal utility services prior to the date of this order at a rate of $50.00 per month. The first such payment shall be made on or before January 15, 2010, and by the fifteenth of every month thereafter until paid in full.[1]

---

[1] The evidence does not show the terms of the apparent post-petition repayment plan between the parties. The court believes that the outstanding post-petition balance due after reversal of the application of the $300 deposit is approximately $563.00. The unpaid account amount is subject to final reconciliation at trial or prior to trial at the filed written request of either party.

4. Nothing in this order shall preclude the termination of utility services in accordance with Defendant's standard procedures in the event that Plaintiffs do not pay for the future ongoing utility services provided by Defendant.

5. In the event of Plaintiffs' default with respect to the payment required in paragraph 3(b) of this order, Defendant's counsel shall send Plaintiffs and Plaintiffs' counsel a 10-day notice of Defendant's intent to file an affidavit attesting to the default and a proposed order granting it leave to terminate Plaintiffs' utility service.

6. If the default in the repayment plan is not cured within that 10-day period, then upon the filing of an affidavit by Defendant attesting to the default by Plaintiffs, an order shall be entered without further hearing, granting Defendant leave to terminate Plaintiffs' utility services.

7. Unless modified by other orders of the court, this injunction will remain in effect pending determination of the merits of this action by this court.

###