**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 22 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-37696 |
| | ) | |
| Lisa Palazzola and | ) | Chapter 7 |
| Monte Palazzola, | ) | |
| | ) | Adv. Pro. No. 10-3254 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Lisa Palazzola, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| City of Toledo, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER REGARDING MOTION TO DISMISS

This adversary proceeding is before the court on Defendant's Motion to Dismiss ("Motion") [Doc. # 37], Plaintiffs' opposition[1] [Doc. # 40], and Defendant's reply [Doc. # 41]. For the reasons that follow, Defendant's Motion will be granted in part and denied in part.

### BACKGROUND

---

[1] In their opposition, Plaintiffs cite one unreported case that, in turn, cites a Supreme Court case to which they refer in their argument. Because Plaintiffs did not attach a copy of the unreported case to their opposition as required by Local Bankruptcy Rule 9013-2(d), Defendant asks the court to strike the opposition brief. The court declines to do so as it finds Plaintiff's failure caused no prejudice to Defendant.

In their original complaint filed in this adversary proceeding, Plaintiffs sought injunctive relief requiring Defendant City of Toledo to continue water utility service to Plaintiffs' residence. The complaint alleged that Defendant violated 11 U.S.C. § 366 "when it transferred Plaintiffs' prepetition debt to their new postpetition account and then [discontinued] their service for non-payment." [Doc. # 1, ¶ 11]. On March 3, 2011, the court granted Plaintiffs' motion to amend their complaint. The proposed amended complaint added three additional counts, alleging that Plaintiffs suffered damages as a result of Defendant continuing to attempt to collect a debt listed on Plaintiffs' petition and late fees on the prepetition debt, in violation of the automatic stay imposed under 11 U.S.C. § 362(a), that Plaintiffs' suffered damages as a result of Defendant's violation of the order of discharge, and that Defendant is in contempt of court for violating the order of discharge. [Doc. # 26]. Plaintiffs' prayer for relief sought a determination that "Defendant violated 11 U.S.C . § 366, 362, 727 and are in Contempt of Court," and sought restoration of their terminated service and actual, compensatory and punitive damages, as well as attorney fees and costs. [*Id.* at 4]. The Amended Complaint actually filed with the court also included a fifth claim brought under 42 U.S.C. § 1983. [Doc. # 34, ¶¶ 25-32]. Count five of the Amended Complaint alleges that Defendant, while acting "under color of law," deprived Plaintiffs of their rights under the Constitution and laws of the United States and that they "suffered damages to their physical and mental health" as a result. [*Id.*]. The prayer for relief is identical to the prayer for relief in the proposed amended complaint with one exception – it also seeks a declaration that Defendant violated 11 U.S.C. 42 U.S.C. § 1983. [*Id.,* p. 5].

Plaintiffs allege that the court has jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(I), that "this is a core proceeding," and that the court has jurisdiction "over Plaintiffs' federal claims" pursuant to 28 U.S.C. 1331. [*Id.*, ¶¶ 1-2].

## LAW AND ANALYSIS

Defendant first argues that dismissal of the Amended Complaint is warranted because the Amended Complaint is "dramatically altered" from the proposed amended complaint and is evidence of Plaintiffs' bad faith and undue prejudice to Defendant. While it is true that Plaintiffs included an additional claim under 42 U.S.C. § 1983 that was not included in their proposed amended complaint, the court does not find this to be evidence of bad faith or undue prejudice to Defendant. The § 1983 claim is based on essentially the same operative facts as set forth in the proposed amended complaint. It is simply an additional legal theory of recovery. Inclusion of this claim is not a basis for dismissal of the entire Amended Complaint as argued by Defendant.

Defendant also contends that the Amended Complaint should be dismissed under Rule 12(b)(1) and

2

(b)(6) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), arguing that the court lacks subject matter jurisdiction and that Plaintiffs have failed to state claims upon which relief can be granted.

### I. Rule 12(b)(1)

Defendant moves to dismiss the Amended Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that "a plain reading" of Plaintiffs' Amended Complaint "demonstrates this Court's lack of jurisdiction." Defendant argues that the jurisdictional allegations in the Amended Complaint do not state a basis for bankruptcy court jurisdiction because Plaintiff (1) fails to state that each claim is a core proceeding and (2) incorrectly relies on 28 U.S.C. § 1331.

First, the court notes that Plaintiffs' reliance on 28 U.S.C. §157(b)(2)(I) and 28 U.S.C. §1331 as a basis for jurisdiction over their claims is misplaced. Under § 157(b)(2)(I), determinations as to the dischargeability of particular debts are core proceedings that the court may hear and determine. However, in this case, Plaintiffs have not asserted a claim seeking a determination of dischargeability of any debt. And Defendant is correct in arguing that § 1331 is a grant of federal question jurisdiction to district courts, not bankruptcy courts. Nevertheless, courts are not restricted to the asserted basis for jurisdiction if the factual allegations support an alternative basis for jurisdiction. *Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel,* 606 F.3d 780, 788, (D.C. Cir. 2010); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.),* 196 F.3d 1, 5 (1st Cir.1999) ("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction."); *see Carlson v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Ill. (In re Carlson),* 202 B.R. 946, 948 (Bankr. N.D. Ill.1996) (finding complaint that contained no jurisdictional statement or allegation that proceeding is core or non-core was not a "jurisdictional defect" since alleged facts provided a basis for assumption of jurisdiction); *Painter v. First Fed. Sav. and Loan Ass'n of S.C. (In re Painter),* 84 B.R. 59, 61 (Bankr. W.D. Va. 1988) (finding requirement of Rule 7008(a) that complaint contain allegation that matter is core or non-core "is technical in nature and certainly not fatal to the complaint."). *But see Gitlitz v. Society Bank (In re Gitlitz),* 127 B.R. 397, 401 (Bankr. S.D. Ohio 1991) (finding absence of both jurisdictional plea and assertion of whether proceeding is core or non-core justified dismissal of complaint where facts alleged did not demonstrate jurisdiction); *Baumeister v. Douglas (In re Sunny Villa Nursing Home, Inc.),* No. 93-3236, 1994 Bankr. LEXIS 1452, *5, 1994 WL 518955, *2 (Bankr. N.D. Ohio Aug. 19, 1994) (finding failure to state the basis for jurisdiction was not simply a technical defect where such basis was not immediately clear).

3

In light of the foregoing authority, in order to address Defendant's jurisdictional argument, the court must determine whether the facts alleged in the Amended Complaint sufficiently establish this court's jurisdiction. Because the court finds that Plaintiffs have failed to state a claim upon which relief can be granted as to counts one, two, and three, as discussed more fully below, it does not address the court's jurisdiction as to those claims.

Count Four of the Amended Complaint alleges that Defendant is in contempt of this court's order of discharge. It is clear that a contempt proceeding for violation of the court's order of discharge is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(O) ("Core proceedings include . . . proceedings affecting . . . the adjustment of the debtor-creditor. . . relationship"); *Chambers v. Greenpoint Credit (In re Chambers)*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005).

Count Five of the Amended Complaint alleges a claim under 42 U.S.C. § 1983. This statute creates statutory tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) (noting that "§1983 creates a species of tort liability."). It provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Plaintiffs allege that Defendant violated § 1983 by depriving them of their rights under federal bankruptcy law. Specifically, Plaintiffs allege that Defendant violated such rights by requiring them "to pay past due water bills when such debts were discharged under federal bankruptcy law" and that, as a result, Plaintiffs "suffered damages to their physical and mental health." [Doc. # 34, ¶¶ 25-31]. To the extent that Plaintiffs have alleged a proper § 1983 claim,[2] the allegations do not clearly establish this court's jurisdiction.

"The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." *Resorts Int'l Fin., Inc. v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3rd Cir. 2004) (quoting *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303 (5th

---

[2] Although the Supreme Court has held that a plaintiff can properly seek relief under § 1983 for a violation of rights created by federal statute, regardless of whether constitutional claims are involved, *see Maine v. Thiboutot*, 448 U.S. 1 (1980), it has also recognized two exceptions to the application of § 1983 to statutory violations: (1) where Congress has foreclosed private enforcement in the statute itself, and (2) where the statute at issue is not of the kind that creates enforceable "rights" under § 1983, *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S.1, 19 (1981). The parties have not addressed these issues. At least one court, however, has concluded that a § 1983 claim cannot lie for a violation of 11 U.S.C. § 524. *Lesniewski v. Kamin (In re Lesniewski)*, 246 B.R. 202, 215 (Bankr. E.D. Pa. 2000).

4

Cir. 2002); *Refrigerant Reclamation Corp. of Am. v. Todack (In re Refrigerant Reclamation Corp. of Am.),* 186 B.R. 78, 80 (Bankr. M.D. Tenn. 1995). Section 1334 provides that the district court has "exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 11 U.S.C. § 1334(a) and (b). The district courts routinely refer this jurisdiction over bankruptcy cases and proceedings to the bankruptcy courts. *See* 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Under § 157(b) a bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. . . ." 28 U.S.C. § 157(b). And under § 157(c), a bankruptcy court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c).

A proceeding brought under § 1983 is not a case under title 11, a phrase that refers to the bankruptcy case itself. Nor is it a proceeding "related to" a case under title 11. The Sixth Circuit has held that a case is related to a bankruptcy case "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co., Inc.),* 930 F.2d 1132, 1142 (6th Cir. 1991). Because Plaintiffs' post-petition § 1983 claim would have no effect on the administration of their estate, jurisdiction cannot be based on the "related to" provision in § 1334(b) and § 157(c).

The Sixth Circuit has explained the phrases "arising under" and "arising in" title 11 as follows:

> The phrase "arising under title 11" describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, "arising in" proceedings are those that, by their very nature, could arise only in bankruptcy cases. Conversely, if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding. Such a proceeding may be related to the bankruptcy pursuant to sections 1334(b) and 157(c), but it would not be a core proceeding within the meaning of section 157(b).

*Wolverine Radio Co., Inc.,* 930 F.2d at 1144.

Plaintiffs argue that the events alleged in the complaint "arise out of" their bankruptcy case and that there would be no case and, thus, no § 1983 claim, if Defendant had not violated the discharge injunction. Because the substantive right underlying Plaintiffs' § 1983 claim is a right created by § 524 of the Bankruptcy Code, that is, the right to be free from collection attempts on discharged debts by a creditor post-discharge, the claim is at least arguably a proceeding "arising in" their case under title 11 and, thus, a core proceeding. *Stern v. Marshall*, –U.S.–, 131 S.Ct. 2594, 2605 (2011) ("[C]ore proceedings are those

5

that arise in a bankruptcy case or under Title 11."). However, the Supreme Court's recent decision in *Stern v. Marshall* makes clear that statutory authority under § 157 alone is insufficient to confer subject matter jurisdiction where the exercise of such jurisdiction would be in contravention of Article III of the United States Constitution. *Id.* at 2608. Thus, the court must consider whether it has constitutional authority to hear Plaintiffs' § 1983 claim.

In *Marshall*, a proof of claim was filed by the debtor's stepson, asserting a defamation claim against the debtor. The debtor filed a counterclaim for tortious interference with her expectancy of inheritance. The Supreme Court found that the counterclaim was a core proceeding under the plain text of 28 U.S.C. § 157(b)(2)(C), which includes as core proceedings "counterclaims by the estate against persons filing claims against the estate." *Id.* at 2604-05. The Court thus found that the bankruptcy court had statutory authority to enter judgment on the counterclaim. *Id.* at 2608. However, as explained in *Marshall*, § 157 simply allocates the authority to enter final judgment between the bankruptcy court and the district court. *Id.* at 2607 (citing 28 U.S.C. § 157(b)(1) and (c)(1)). "That allocation does not implicate questions of subject matter jurisdiction." *Id.*

The Court then considered concerns raised under Article III of the Constitution. The Court explained:

> Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's "judicial Power" on entities outside Article III. That is why we have long recognized that, in general, Congress may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." When a suit is made of "the stuff of the traditional actions at common law tried by the courts at Westminster in 1789," and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job—resolution of "the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law"—to the Judiciary.

*Id.* at 2609 (internal citations omitted). Because the tortious interference counterclaim was a common law claim and did not fall under the category of cases involving "public rights" that Congress could constitutionally assign to legislative courts, the Supreme Court concluded that the bankruptcy court lacked constitutional authority to enter judgment on the debtor's counterclaim. *Id.* at 2608-15.

Accordingly, in this case, the court must determine whether Plaintiffs' § 1983 claim is considered "a suit at common law" for purposes of determining this court's authority or lack thereof under Article III. In construing the Seventh Amendment provision of the right to a trial by jury "[i]n Suits at common law,"

6

the Supreme Court explained:

> "[S]uits at common law" include "not merely suits, which the common law recognized among its old and settled proceedings, but [also] suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." The Seventh Amendment thus applies not only to common-law causes of action but also to statutory causes of action "'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'"

*City of Monterey,* 526 U.S. at 708-09. The plaintiff in *City of Monterey* had brought a § 1983 action alleging a regulatory taking and seeking damages. The Court recognized that when the Seventh Amendment was adopted there was no action equivalent to § 1983, but that "it is settled law . . . that the Seventh Amendment jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to 'sound basically in tort,' and seek legal relief." *Id.* at 709. The Court then found that claims brought pursuant to § 1983 sound in tort.

> Just as common-law tort actions provide redress for interference with protected personal or property interests, § 1983 provides relief for invasions of rights protected under federal law. Recognizing the essential character of the statute, "'[w]e have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability,' " and have interpreted the statute in light of the "background of tort liability."

*Id.*

The court finds this analysis equally applicable in determining whether Plaintiffs' § 1983 claim "is the subject of a suit at the common law" such that Article III assigns responsibility for deciding that claim to Article III judges. *See Marshall*, 131 S.Ct. at 2609. Plaintiffs' § 1983 claim alleges damages for personal injuries sustained as a result of Defendant's violation of the discharge injunction imposed under 11 U.S.C. § 524. This is, in essence, a personal injury tort claim. *City of Monterey*, 526 U.S. at 727 ("This Court has confirmed in countless cases that a § 1983 cause of action sounds in tort."). As such, it is "the stuff of the traditional actions at common law tried by the courts at Westminster in 1789." *Id.* Moreover, Plaintiffs' § 1983 claim does not fall under the "public rights" exception such that this court may hear and determine the claim.[3]

For the foregoing reasons, the court concludes that Plaintiffs § 1983 claim must be dismissed for lack

---

[3] In discussing the "public rights" exception, the Supreme Court stated that it continues "to limit the exception to cases in which the claim at issue derives from a federal regulatory scheme, or in which resolution of the claim by an expert Government agency is deemed essential to a limited regulatory objective within the agency's authority. In other words, it is still the case that what makes a right 'public' rather than private is that the right is integrally related to particular Federal Government action." *Marshall*, 131 S.Ct. at 2613.

of subject matter jurisdiction. It is not a claim that this court can hear and determine under § 157(b) and is not a claim "related to" Plaintiffs' bankruptcy case such that the court may "hear" the claim under § 157(c)(1).[4]

## II. Rule 12(b)(6)

Defendant's motion is also brought under Rule 12(b)(6) for failure to state claims upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
> * * *
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

---

[4] The court further notes that, as a personal injury tort, § 157(b)(5) precludes Plaintiffs' § 1983 claim from being tried in this court. That section provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

Both parties in this case rely on facts asserted in their briefs that are outside the complaint. In addition, Plaintiffs have attached an exhibit to their opposition to the Motion. In general, however, a court may not consider on a Rule 12(b)(6) motion any facts outside the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001); *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir.2001). The court finds no basis in this case for any exception to the general rule and, therefore, will not consider any evidence or facts asserted by the parties that are outside the complaint.

As the court has already determined that Plaintiff's § 1983 claim (Count Five) must be dismissed for lack of subject matter jurisdiction, it addresses below Defendant's Rule 12(b)(6) arguments as to Counts One through Four only.

### A. Mootness

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. In other words, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (internal citations omitted); U.S. Const. art. III, § 2, cl. 1 (limiting jurisdiction of federal courts to actual cases and controversies).

In this case, Defendant argues that Plaintiffs claims for relief are moot in light of the preliminary injunctive relief ordered by this court on December 17, 2010, and Defendant's compliance with such relief. However, a final order has not been entered. Defendant's compliance with the preliminary injunctive relief ordered in this proceeding does not moot any further relief sought by Plaintiffs. Even voluntary cessation of challenged conduct does not ordinarily moot a case unless "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not be reasonably expected to recur." *Id.* 596-96. No such showing has been made in this case. Moreover, Plaintiffs' claims include claims for damages and contempt for Defendant's past conduct, as well as for injunctive relief.

### B. Failure To Properly Cite Statutes Upon Which Claims Are Based

To the extent that Defendant relies on Plaintiffs' failure to cite a statute, or to cite the correct statute, upon which a specific claim is based, such failure is not a basis for dismissal of that claim. "[T]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003). Thus, where Plaintiffs have failed to cite the relevant statute or an incorrect statute is cited, the court must only review Plaintiffs' allegations to determine whether they allege sufficient facts to state a claim for relief under some viable legal theory.

9

### C. Count One - Violation of the Automatic Stay

In their opposition, Plaintiffs assert that they have stated a claim for violation of the automatic stay imposed under 11 U.S.C. § 362. Although in their prayer for relief, Plaintiffs ask for a determination that, among other things, Defendant violated § 362, that section is not specifically mentioned in Count One or elsewhere in the Amended Complaint. Nevertheless, as discussed above, the court must consider whether sufficient facts are alleged to state a claim under § 362.

A statutory automatic stay arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). To enforce creditor compliance with the automatic stay, the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). In order to prevail on a § 362(h) claim, a plaintiff must prove that the stay imposed under § 362 was violated, that the violation was committed willfully and that plaintiff was injured by the violation. *In re Skeen*, 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000). A willful violation occurs "when the creditor knew of the stay and violated the stay by an intentional act." *Sharon v. TranSouth Fin. Corp. (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999). Thus, to properly allege a § 362(h) claim, a plaintiff must allege: (1) facts amounting to a violation of the automatic stay, (2) that the creditor knew of the stay, (3) that the creditor intended the act that constitutes a violation of the stay, and (4) that the plaintiff was injured by the violation.

In Count One, Plaintiffs allege that they were debtors in a Chapter 7 case, that the debt owed to Defendant was included in Plaintiffs' bankruptcy schedules, that, during the pendency of their bankruptcy case, Defendant continued to attempt to collect the prepetition debt and late fees on that debt, and Plaintiffs suffered damages as a result. Viewing these allegations in a light most favorable to Plaintiffs, only the first, third and fourth elements of a § 362(h) claim have been alleged. There is no allegation from which the court can reasonably infer that Defendant knew of the commencement of Plaintiffs' bankruptcy case such that knowledge of the automatic stay can also be inferred. Having failed to allege all material elements of a § 362 claim, the court will dismiss Count One of the Amended Complaint.

### D. Count Two - Violation of § 366

In Count Two of the Amended Complaint, Plaintiffs allege that they suffered damages as a result of Defendant's violation of § 366. Section 366 of the Bankruptcy Code provides as follows:

> (a) Except as provided in subsection (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such

> utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366.

As one court explained, "this section effectively enjoins a utility company from terminating service to a debtor postpetition. The exception to that injunction is the authorization in § 366(b) for a change in utility service if, within 20 days after the date of the order for relief, the utility company has not received adequate assurance of payment from a debtor or a trustee. . . ." *In re Epling*, 255 B.R. 549, 552-53 (Bankr. S.D. Ohio 2000). However, this section does not create a private remedy for damages as alleged by Plaintiffs. *See Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 588 (6th Cir. 1990) ("The scope of jurisdiction granted by section 366 to the bankruptcy court is explicitly limited to ordering 'reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment'"); *Citizens Gas & Coke Utility v. Mathews (In re Mathews)*, No. 1:03-CV-2064-JDTTAB, 2004 U.S. Dist. LEXIS 19735, *35, 2004 WL 2137637, *11 (S.D. Ind. Aug. 13, 2004) (noting that, in 1984, Congress amended § 362 to expressly provide remedies for violations of the automatic stay but left § 366 without such a remedy provision and finding no implied remedy of compensatory damages in § 366). *But see Whittaker v. Philadelphia Elec. Co.*, 92 B.R. 110, 115-16 (E.D. Pa. 1988)(affirming "nominal damage" award of $20.00 and thus implying such a remedy exists without discussion of its reasoning), *aff'd* 882 F.2d 791 (3d Cir. 1989) (without discussing damage remedy); *In re One Stop Realtour Place, Inc.*, 268 B.R. 430, 441 (Bankr. E.D. Pa. 2001) (relying on *Whittaker* as implying a remedy for compensatory damages and § 105(a) of the Bankruptcy Code as a basis for awarding damages).

Moreover, Plaintiffs' allegations fail to allege a violation of § 366. Viewed in a light most favorable to Plaintiffs, they allege that they were granted a discharge on February 17, 2010, that Defendant transferred the prepetition debt owed to it to a new postpetition account on June 7, 2010, and that Defendant then discontinued Plaintiffs' utility service for non-payment. Plaintiffs' allegations make clear that the discontinuation of service did not occur "within twenty days after the date of the order for relief" but, rather, it occurred after they received their discharge. Under § 366(b), Defendant was entitled to discontinue service unless adequate assurance of payment was furnished by Plaintiffs. However, Plaintiffs fail to allege that such assurance of payment was provided. As such, in Count Two of the Amended Complaint, Plaintiffs

11

have alleged but have not "shown" a violation of § 366. *Iqbal*, 129 S.Ct. at 1950.

Accordingly, Defendant's Motion will be granted as to Count II of the Amended Complaint.

### E. Count Three - Violation of the Discharge Injunction

In Count Three of the Amended Complaint, Plaintiffs allege that they suffered damages when Defendant discontinued utility services to Plaintiffs' property and demanded that Plaintiffs pay the prepetition debt owed to Defendant before turning Plaintiffs' water back on. Plaintiffs incorporate the preceding paragraphs of the Complaint. Thus, as discussed above, the timing of the discontinuance of service is alleged to have occurred after they had been granted a discharge in their bankruptcy case. Plaintiffs allege that Defendant violated the court's "Order of Discharge 11 U.S.C.§ 727." [Complaint, ¶ 21]. Defendant argues that there is no viable claim under § 727 since that section merely addresses the rights of a debtor to a discharge and the circumstances under which a discharge may be denied. However, as discussed above, a plaintiff's failure to cite a specific statute or the correct statute is not fatal to a claim. *Hattaway*, 330 F.3d at 765. Once an order granting a discharge is entered, § 524(a) of the Bankruptcy Code gives rise to an injunction against "an act, to collect, recover or offset any such debt [discharged under § 727] as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). Creditors who have willfully violated the discharge injunction of § 524(a) are in contempt of the court that issued the discharge order. *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 749 (Bankr. N.D. Ohio 2007).

Nevertheless, the Sixth Circuit has made clear that there is no statutory private right of action for a violation of the discharge injunction and that the traditional remedy for such a violation lies in contempt proceedings. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000). In *Pertuso*, the court held that there is no implied right of action under § 524. *Id.* at 422-23. It further held that, while § 105(a) vests bankruptcy courts with statutory contempt powers, it does not authorize courts to create rights that are otherwise unavailable under applicable law and cannot be invoked to provide a remedy for violations of § 524. *Id.* at 423. Accordingly, because Count Three of the Amended Complaint asserts a private right of action for damages for violation of the discharge injunction, Defendant's Motion will be granted as to that claim.

### F. Count Four - Contempt

Count Four of the Amended Complaint incorporates the preceding paragraphs of the Complaint and alleges that Defendant is in contempt of court for violating the Order of Discharge. As discussed above, although there is no private right of action for violation of the order of discharge and, thus, the discharge injunction, debtors may bring civil contempt charges against a party that has allegedly violated the discharge

injunction. *Pertuso*, 233 F.3d at 423; *Badovick v. Greenspan (In re Greenspan)*, No. 10-8019, 2011 Bankr. LEXIS 272, *8, 2011 WL 3100703, *3 (B.A.P. 6th Cir., Feb. 2, 2011). If contempt is established, as a sanction for the contempt, the injured party may be able to recover damages and, where necessary to effectuate the purposes of the discharge injunction, reasonable attorney fees. *Greenspan*, 2011 Bankr. Lexis 272, *9; *Chambers v. Greenpoint Credit*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005); *Lohmeyer*, 365 B.R. at 749-50; *Miles v. Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006).

Nevertheless, Defendant argues that this claim should be dismissed for failure to comply with the requirements of Federal Rule of Civil Procedure 9014. Rule 9020 of the Federal Rules of Bankruptcy Procedure provides that "Rule 9014 governs a motion for an order of contempt made by . . . a party in interest." Rule 9014 governs contested matters. It provides that "relief shall be requested by Motion" and that the motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(a) and (b). It sets forth the rules in Part VII of the Federal Rules of Bankruptcy Procedure that are applicable in every contested matter, unless the court orders otherwise, and permits the court to direct that one or more of the other rules in Part VII shall apply. Fed. R. Bankr. P. 9014(c). The rules in Part VII are the rules that govern adversary proceedings. Because Plaintiffs' contempt claim is asserted in an adversary proceeding rather than a motion, Defendant contends the claim is fatally deficient. The court disagrees.

As another judge in this district observed, "courts routinely hear contempt actions brought as adversary proceedings," notwithstanding the fact that the traditional method of bringing such matters before the court is by motion. *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr. N.D. Ohio 2008) (citing cases). The court agrees with the reasoning in *Motichko* that to dismiss on procedural grounds is to elevate form over substance where an adversary proceeding provides Defendant with more, not less, procedural protections than in a Rule 9014 contested matter brought by motion. *Id.* at 33. *But see Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011); *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, No. 11-2004, 2011 Bankr. LEXIS 2076, 2011 WL 2133538 (Bankr. E.D. Ky. May 25, 2011).

### G. Punitive Damages

Defendant seeks to dismiss the Amended Complaint to the extent it seeks punitive damages, which it contends are prohibited as a matter of federal law against a municipality. The court agrees. "[T]he general rule today is that no punitive damages are allowed [against municipalities] unless expressly authorized by statute." *Cook Cty., Ill. v. United States ex rel. Chandler*, 538 U.S. 119, 129 (2003) (quoting

13

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, n.21 (1981)). The court is aware of, and Plaintiffs cite, no statute authorizing punitive damages in the context of this proceeding. Defendant's motion will be granted as to Plaintiffs' claim for punitive damages.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 37] be, and hereby is, **GRANTED** as to Counts One, Two, Three and Five of the Amended Complaint and as to Plaintiffs' claim for punitive damages, and is **DENIED** as to Count Four of the Amended Complaint.