**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 19 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-37696 |
| | ) | |
| Lisa Palazzola and | ) | Chapter 7 |
| Monte Palazzola, | ) | |
| | ) | Adv. Pro. No. 10-3254 |
|         Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Lisa Palazzola, et al., | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| City of Toledo, | ) | |
| | ) | |
|         Defendant. | ) | |

## MEMORANDUM OF DECISION DENYING AMENDED MOTION TO SUBSTITUTE PLAINTIFF

      This adversary proceeding came before the court for hearing on Plaintiffs' Amended Motion to Substitute Plaintiff ("Motion") [Doc. # 104] and Defendant's response [Doc. # 112]. Plaintiff Lisa Palazzola seeks to be substituted as plaintiff for her husband, co-Plaintiff Monte Palazzola, who died during the pendency of this proceeding. For the reasons that follow, the Motion will be denied.

## BACKGROUND

This adversary proceeding was commenced on September 24, 2010, by both Lisa Palazzola and her husband, Monte Palazzola. Of five separate counts alleged in their amended complaint, only one count remains, the court having dismissed the other four for lack of jurisdiction or failure to state a claim upon which relief can be granted. [*See* Doc. # 48 Mem. of Decision and Order Re Motion to Dismiss]. The only remaining count alleges that Defendant is subject to sanctions for contempt of court for violating the Order of Discharge entered in Plaintiffs' underlying Chapter 7 case. Plaintiffs allege that they suffered damages when Defendant discontinued water utility services to their home after they had been granted a Chapter 7 discharge and demanded that Plaintiffs pay a prepetition debt owed to Defendant before turning their water service back on. On July 10, 2012, Plaintiff Lisa Palazzola ("Plaintiff") filed a Report of Death of an American Citizen Abroad, stating that Monte Palazzola died on May 20, 2012, in Mexico. [Doc. # 78]. Plaintiff filed a Motion to Substitute Party on February 22, 2013, and the instant amended Motion on February 26, 2013.

At the hearing on the Motion, Plaintiff's counsel represented to the court that Monte Palazzola died intestate and that there are no other assets that require probate. She further represented that there are two adult children of Plaintiff and Monte Palazzola and that Plaintiff now lives in Mexico.

## LAW AND ANALYSIS

Plaintiffs' Motion and Defendant's response raise two issues – first, whether Plaintiff is a proper party to be substituted in this proceeding in place of her late husband, and second, whether the Motion must be denied as untimely. For the following reasons, the court finds both that Plaintiff is not a proper party for substitution and that the Motion should be denied as untimely filed.

Rule 25 of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7025, provides, in relevant part, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a))(1). Plaintiff filed a statement noting the death of Monte Palazzola on July 10, 2012, but did not file a motion for substitution until February 22, 2013, well beyond the ninety-day period to do so under Rule 25. The ninety-day period may be extended on motion after such time has expired where the failure to act was the result of excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1); Fed. R. Civ. P. 25

Advisory Committee Notes to 1963 Amendment (stating that the amended rule establishes a time limit for the motion to substitute and that "the motion may not be made later than 90 days after the service of the statement [noting the death] unless the period is extended pursuant to Rule 6(b)"). In this case, no motion for the extension of the deadline has been filed nor has excusable neglect been shown.

Moreover, even if timely filed, Plaintiff is not a proper person to be substituted for Monte Palazzola. Plaintiff asserts that she should be substituted for Monte Palazzola as his surviving spouse and beneficiary "entitled to one third to one half of the decedent's estate under Ohio law." [Doc. # 104, p. 1]. The complaint seeks damages allegedly incurred by both Plaintiff and Monte Palazzola as a result of Defendant turning off water utility service to their home in violation of the discharge injunction entered in the underlying Chapter 7 case. While there is no private right of action for violation of the order of discharge and, thus, the discharge injunction, debtors may bring civil contempt charges against a party that has violated the discharge injunction. *Pertuso v. Ford Motor Credit Company*, 233 F.3d 417, 423 (6th Cir. 2000); *Badovick v. Greenspan (In re Greenspan)*, No. 10-8019, 2011 Bankr. LEXIS 272, *8, 2011 WL 310703, *3 (B.A.P. 6th Cir., Feb. 2, 2011). If contempt is established, as a sanction for the contempt, the injured party may be able to recover damages and, where necessary to effectuate the purposes of the discharge injunction, reasonable attorney fees. *Greenspan*, 2011 Bankr. Lexis 272, *9; *Chambers v. Greenpoint Credit*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005); *Miles v. Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006). An issue not addressed by the parties is whether a contempt action survives a person's death such that there is a real party in interest who may be substituted. Nevertheless, for purposes of Plaintiff's Motion, the court assumes, without deciding, that Monte Palazzola's contempt action survived his death.

Under Ohio law, claims for damages that survive a persons death "pass to the decedent's estate." *Williams v. Barrick*, No. 08AP-133, 2008 Ohio 4592, *P10 (Ohio App. Sept. 11, 2008). In *Williams*, the court found that a father whose child died while in custody of a county children's services agency lacked standing to prosecute the child's claims for injury that survived her death because the claim belonged to the child's estate, and the father did not allege that he was the personal representative of the estate. *Id.*; *see Peters v. Columbus Steel Castings Co.*, 115 Ohio St. 3d 134, 136 (2007) (describing a claim that survives a person's death as a claim "through which a decedent's estate may recover for the injuries suffered by the decedent before his death" and distinguishing it from a wrongful-death claim that belongs directly to the decedent's beneficiaries). Thus, such claims "are prosecuted by the decedent's personal representative for the benefit of his estate." *Perry v. Eagle-Picher Indus., Inc.*, 52 Ohio St. 3d 168,169-70 (1990); *Williams*,

3

2008 Ohio 4592 at *P10. The Chapter 7 discharge Defendant is alleged to have violated belonged to Plaintiff Monte Palazzola. His beneficiaries, including Lisa Palazzola, do not have any personal claim to sanctions for Defendant's alleged violation of Monte Palazzola's Chapter 7 discharge. Any sanctions that would be awarded Plaintiff Lisa Palazzola would be only on account of violation of her own Chapter 7 discharge. Plaintiff Monte Palazzola's claim for contempt sanctions is thus of the type that would pass, if it survives him, to his estate.

In this case, because any action of Monte Palazzola that survived his death is a claim belonging to his estate, only the personal representative of his estate may pursue it. A "personal representative" of a decedent's estate is usually an executor/executrix or administrator/administratrix, which requires appointment by a court. *Toledo Bar Assn. v. Rust*, 124 Ohio St. 3d 305, 311 (2010); *but see* Ohio Rev. Code § 2113.03 (providing that, under certain circumstances, the probate court may relieve an estate from administration and direct delivery of personal property and transfer of real property to the persons entitled to such property upon the application of an "interested party"). Plaintiff is not the personal representative of Monte Palazzola's estate and, according to Plaintiff's attorney, does not intend to seek appointment as personal representative by the probate court due to the time and cost that Plaintiff believes is involved in such an appointment. And there is no allegation or suggestion that Plaintiff has filed or intends to file an application for relief from administration in the probate court. Thus, as in *Williams*, Plaintiff cannot prosecute on Monte Palazzola's behalf or on behalf of the beneficiaries of his estate this action for contempt sanctions. As such, she is not a proper party for substitution.

Under Rule 25 of the Federal Rules of Civil Procedure, "the action by or against the decedent must be dismissed" if the motion for substitution is not timely made. Fed. R. Civ. P. 25(a)(1). Monte Palazzola's complaint will be therefore be dismissed by the court. The court finds that Lisa Palazzola's own action for contempt from violation of the discharge injunction can proceed independently of dismissal of Monte Palazzola's action and will continue. *See* Fed. R. Civ. P. 25(a)(2).

A separate order in accordance with this memorandum of decision will be entered by the court.

###